## DETERMINED BY THE

# SUPREME COURT OF APPEALS

### OF

# WEST VIRGINIA

---

## CHARLESTON.

DAVID SIMMONS *et al.* v. LIBERTY COAL COMPANY.

Submitted January 16, 1923.    Decided January 30, 1923.

FORMER CASE CONTROLLING.

> This case is governed by the principles of law announced in an opinion this day handed down in the case of David Simmons and William S. Simmons vs. Joshua H. Yoho and others. (McGINNIS, JUDGE, absent).

Error to Circuit Court, Marshall County.

Action by David Simmons and others against the Liberty Coal Company. From a judgment for plaintiffs, defendant brings error.

*Reversed and Judgment for Defendant.*

*Waitman H. Conaway* and *Walter A. McGlumphy,* for plaintiff in error.

*J. W. McIntire, D. B. Evans,* and *McCamic & Clarke,* for defendants in error.

MEREDITH, JUDGE:

This is an action of ejectment for the recovery of the Pittsburgh coal and mining rights under 132 acres 155.4 poles of land in Marshall County, formerly known as the

John Simmons farm. The case was tried by the court in lieu of a jury and resulted in a finding and judgment for the plaintiffs. Defendant seeks reversal.

The coal in controversy underlies the same tract of land that is involved in the action of ejectment brought by the same plaintiffs against Joshua Yoho and others, now pending in this court. The statements of fact in the opinion this day handed down in that case apply equally here, and it is unnecessary to restate them. After M. A. Walton acquired the fee in the lands, by special commissioner's deed, he conveyed all the coal and certain mining rights under the land to Josiah V. Thompson, by deed dated December 16, 1901. Thompson conveyed the Pittsburgh coal and certain mining rights under the land to the defendant September 5, 1914. With this slight exception here noted, the records in the two cases are the same. The points of law raised are identical. The only real question involved is whether the decree of sale entered in the former chancery cause of Julia Ann Simmons v. D. A. Simmons and others is void or merely erroneous; or if void, whether the defendants in that suit, now the plaintiffs here, waived all errors, and are estopped from questioning the validity of that decree. In the other case we held that the decree is not void, and even if it were, by dismissing that case agreed when it was pending here on appeal, they released all error, and are now estopped.

For reasons assigned in the opinion in that case the judgment was reversed, the finding of the court set aside, and judgment entered for the defendants. This case is controlled by the same principles, and will take the same course.

*Reversed and Judgment for Defendant.*